## No. 9296.

### THE STATE OF LOUISIANA VS. MARSHALL ALIAS BUDDY GREEN.

Where the defendant formally pleads to an indictment and is tried and convicted and subsequently obtains a new trial, and at this second trial, moves to withdraw his plea in order to file a demurrer, the granting or refusal of the motion is largely within the discretion of the trial judge and his refusal of the motion at this stage of the cause, in the absence of any averment that the plea was entered through error or inadvertance, will not be disturbed.

An indictment for shooting with intent to murder is sufficient in law, which charges, in substance, that the accused did, with a pistol, feloniously, wilfully and maliciously shoot one S. B * * * with the felonious intent the said S. B. with malice aforethought to kill and murder. It is not necessary that the word wilful should precede or characterize the *intent*

APPEAL from the Twenty-sixth District Court, Parish of St. Charles. *Hahn*, J.

*G. Lèche*, District Attorney, *Chas. A. Baquié* and *M. J. Cunningham* Attorney General, for the State, Appellee.

*A. E. Billings*, for Defendant and Appellant.

The opinion of the Court was delivered by

TODD, J. The defendant appeals from a sentence of eight years imprisonment at hard labor under a conviction for shooting with intent to murder.

The case was twice tried in the court below.

1. On the second trial his counsel moved to withdraw his plea of not guilty and file a demurrer to the information. This was refused by the trial judge, and this refusal is the first error charged in the assignment filed in this Court.

There was no pretense or allegation that the plea had been entered through inadvertance or mistake. The accused had once been tried before on this plea and convicted, but owing to the misconduct of a juror who sat upon the case, he had been granted a new trial. It was upon this second trial that the motion was made to withdraw the plea and file the demurrer. It was not a legal right that the accused demanded, but it was a matter that rested largely within the discretion of the trial judge. So much so that it is laid down by elementary writers on criminal law, that the judge's ruling on such a motion is not reviewable by an appellate court. Bishop Crim. Pro., vol. I, sec. 782; see also Wharton Cr. P. and P., sec. 407, b.

Considering the stage of the case and the circumstances existing when the motion was made, and the absence of any averment of inad-

vertance or mistake in entering the plea, we think the judge properly refused the motion.

2. The information charges that the accused "did with a dangerous weapon, to-wit, a revolving pistol, feloniously, wilfully and maliciously then and there shoot one Sylvester Barthelemy, in the peace of the State, then and there being, with the felonious intent, then and there, him, the said Sylvester Barthelemy, with malice aforethought, then and there, to kill and murder."

It is urged by the defendant's counsel and made the second error assigned, that the information was fatally defective in not setting out the intent as "wilful."

We think there is no force in this contention. The act is charged in positive terms to have been feloniously, *wilfully* and maliciously done, which really necessarily embraces the *intent* that prompted the act, independent of the words that follow, which further mention and characterize the *" intent "* as felonious and as being "with malice aforethought to kill and murder."

With regard to the crime of murder itself, section 1048, R. S., provides that, "it shall be sufficient in every indictment for murder, to charge that the defendant did feloniously, wilfully and of his malice aforethought kill and murder the deceased."

This information directly charges that the accused shot one Sylvester Barthelemy, feloniously, wilfully and with intent of his malice aforethought to kill and murder—language that is sufficiently expressive and broad enough to cover the offense of which the accused was convicted. State vs. Harris et al., 27 Ann. 572; State vs. Finney, 24 Ann. 191.

Judgment affirmed.